UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
────────────────────────────────

**DANIEL RUBIN,**

                              **Petitioner,**            **9:02-CV-0639**
                                                          **(NAM)(DEP)**

              **v.**

**HENRY GARVIN, Superintendent,**

                              **Respondent.**
────────────────────────────────

APPEARANCES:

CULP LAW OFFICE
Robert A. Culp, Esq., of Counsel
35 Garrison's Landing, P.O. Box 550
Garrison, New York 10524
Attorneys for Petitioner

**HON. ELIOT SPITZER**
Attorney General of the State of New York
Alyson J. Gill, Esq., Assistant Attorney General
Office of the Attorney General
120 Broadway
New York, New York 10271
Attorneys for the Respondent

**Hon. Norman A. Mordue, Chief D.J.:**

### MEMORANDUM-DECISION AND ORDER

        By Memorandum-Decision and Order filed March 3, 2006, the Report-Recommendation issued

by Magistrate Judge David E. Peebles was accepted and adopted in its entirety, and the petition for

habeas corpus relief pursuant to 28 U.S.C. § 2254 by petitioner Daniel Rubin was granted in part and

denied in part.  Dkt. No. 33.   Petitioner has appealed that Order to the United States Court of Appeals

for the Second Circuit.  Dkt. No. 35.

        Presently before the Court is petitioner's request for a certificate of appealability ("COA").

Dkt. No. 36.  Petitioner seeks a COA with respect to each of the four grounds on which he

unsuccessfully sought habeas corpus relief in this Court.

Respondent opposes the issuance of a COA.  Dkt. No. 39.

Appeals to the Court of Appeals in habeas corpus proceedings are governed by 28 U.S.C. §

2253, which provides in relevant part that:

> (c) (1)  Unless a circuit justice or judge issues a certificate of appealability, an appeal
> may not be taken to the court of appeals from –
> (A) the final order in a habeas corpus proceeding in which the detention complained of
> arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.[1]

 A COA may only be issued "if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2).  This standard is satisfied by  "showing that reasonable

jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a

different manner or that the issues presented were adequate to deserve encouragement to proceed

further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotations and citation omitted).

Petitioner claims that he is entitled to habeas corpus relief from his convictions on counts one

through seven of the indictment on the ground that the so-called Public Charge Regulation - 18

N.Y.C.R.R. § 505.14(h)(7)(ii)(a)(1) - is unconstitutionally vague.   Dkt. No. 1 at 6 ("Ground One").

This claim was discussed at length by Magistrate Judge Peebles in his Report-Recommendation.  Dkt.

No. 28 at 24-39.  Moreover, as noted by petitioner, the Appellate Division, Third Department, had

unanimously reversed petitioner's convictions on counts 1-7 on this ground.  Dkt. No. 36 at 2.[2]

Upon due consideration, the Court finds that petitioner has made the showing required for

---

[1]  Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed.R.App.P. 22(b).

[2]  The Court of Appeals reversed that decision. *People v. Rubin*, 96 N.Y.2D 548 (2001). The procedural history of petitioner's criminal case is set forth at pages 13-17 of the Report-Recommendation.  Dkt. No. 28.

issuance of a COA with respect to his claim that the Public Charge Regulation is void for vagueness. The Court finds that petitioner has failed to make the required showing with respect to the remainder of his claims (Grounds Two, Four and Six), and therefore denies his request for a COA with respect thereto.

It is therefore

ORDERED that petitioner's application for a COA (Dkt. No. 36) is granted with respect to petitioner's claim that the Public Charge Regulation is unconstitutionally vague (Ground One) and denied with respect to his remaining claims (Grounds Two,  Four, and Six), and it is further

ORDERED that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED.**

Dated: June 13, 2006
        Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge